**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALISON DIKE,

Petitioner,

v. No. 2:26-cv-01397-MLG-JFR

TODD BLANCHE, Attorney General
of the United States; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Alison Dike's Petition for Writ of Habeas Corpus, Doc. 1. The Court, having considered the Petition, having held a hearing on September 30, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on record during the hearing and incorporating the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) and *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025), the Court grants the Petition and orders immediate release.[1]

Dike shall be released within forty-eight hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in April 2026 along with a copy of this Order.

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA